IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

POWER DESIGNERS USA, LLC,

                    ORDER

          Plaintiff,

v.                                          14-cv-523-slc

GREEN CHARGE TECHNOLOGIES, LLC
and ADVANCED CHARGING
TECHNOLOGIES, INC.,

          Defendants.

---

In this breach of contract action, plaintiff Power Designers USA, LLC alleges diversity jurisdiction under 28 U.S.C. § 1332. A review of the complaint, dkt. 1, reveals that plaintiff's allegations regarding citizenship for itself and defendant Green Charge Technologies, LLC are inadequate because it has alleged only the location of their principal places of business and not their citizenship.

The first question in any lawsuit is whether the court has subject matter jurisdiction, and the court has an independent obligation to ensure that it exists. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010). Section 1332 requires complete diversity of citizenship, meaning that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006).

The citizenship of limited liability companies such as Power Designers and Green Charge is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). Because plaintiff has not identified or alleged the citizenship of each of its members or the members of Green Charge, the court cannot determine whether plaintiff is diverse with respect to defendants.

Therefore, IT IS ORDERED that plaintiff has until August 29, 2014 to submit verification of the citizenship of each of its members and the members of Green Charge (an affidavit would do). In complying with this order, plaintiff should keep in mind that for the purpose of diversity jurisdiction, the citizenship and not the residency of a party is what matters for diversity jurisdiction purposes. *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008); *Meyerson v. Harrah's East Chicago Casino*, 299 F .3d 616, 617 (7th Cir. 2002). An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which [he] has the intention of returning whenever he is absent therefrom." Charles Alan Wright, *Law of Federal Courts* 161 (5th ed. 1994); *see also Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Corporations are citizens of the states in which they are incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F. 2d 1220, 1223 (7th Cir. 1991)).

Entered this 11th day of August, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

2